UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| NATHAN ROWAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ALL WEB LEADS, INC., a Delaware registered corporation,<br><br>*Defendant.* | Case No. 1:25-CV-2080<br><br>**DEFENDANT ALL WEB LEADS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

**DEFENDANT ALL WEB LEADS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Without waiving any right to compel plaintiff and/or putative class members to arbitrate their claims based on information discovered after this filing, defendant All Web Leads, Inc. ("AWL") answers plaintiff's complaint as follows, and denies all allegations unless expressly admitted below:

Opening paragraph is denied, except that AWL admits only that plaintiff's complaint seeks relief for calls and text messages that AWL did not send, did not cause to be sent, did not authorize, and in which it had no involvement.

1. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

2. Denied, except that AWL admits only that it is a Delaware registered corporation headquartered in Austin, Texas and that it conducts business in this District.

3. AWL admits only that it does not currently contest that this Court has subject matter jurisdiction but reserves the right to seek dismissal or other relief if discovery reveals that plaintiff

lacks standing under Article III of the United States Constitution or that the Court lacks subject matter jurisdiction for other reasons, including because plaintiff agreed to arbitrate.

4. Admitted.

5. Denied, except AWL admits only that it does not currently contest venue in this judicial district because its principal place of business is in this judicial district. Information revealed after this filing might reveal that plaintiff agreed to arbitrate which would render venue in this or any other judicial district improper.

6. Denied, except that that AWL admits only that plaintiff purports to quote part of the cited legal decision.

7. Denied, except that AWL admits only that plaintiff purports to characterize the cited legal authority.

8. Denied, except that AWL admits only that plaintiff purports to characterize part of the cited publication.

9. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

10. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

11. Denied, except that AWL admits only that plaintiff purports to characterize part of the cited website.

12. Denied, except that AWL admits only that plaintiff purports to quote part of the cited statement.

13. Denied, except that AWL admits only that plaintiff purports to quote part of the cited publication.

14. Denied, except that AWL admits only that it is in the business of providing to third-party companies lead generation services.

15. Denied.

16. Denied.

17. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

18. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

19. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

20. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

21. Denied.

22. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

23. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

24. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

25. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

26. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

27. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

28. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

29. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

30. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

31. Denied, except that AWL lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Insure.co is no longer active" and therefore denies that allegation.

32. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

33. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

34. Denied.

35. Denied, except that AWL admits only that the terms and conditions contained in the screenshot depicted in this paragraph identifies All Web Leads, Inc. AWL denies that it owned or operated the website and denies that it called or texted the plaintiff.

36. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

37. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

38. Denied.

39. Denied, except that AWL admits only that the terms and conditions contained in the screenshot depicted in this paragraph identifies All Web Leads, Inc. AWL denies that it owned or operated the website, and denies that it called or texted the plaintiff.

40. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

41. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

42. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

43. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

44. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

45. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

46. Denied, except that AWL admits only that the terms and conditions contained in the screenshot depicted in this paragraph identifies All Web Leads, Inc. AWL denies that it owned or operated the website and denies that it called or texted the plaintiff.

47. AWL lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

48. Denied.

49. Denied.

50. Denied, except that AWL admits plaintiff purports to bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and purports to define a class of persons on whose behalf plaintiff purports to bring an action. AWL denies that plaintiff or any member of the putative classes are entitled to relief by reason of the allegations in the complaint, and denies that the Court can or should certify any class in this case.

51. Denied, except that AWL admits only that plaintiff purports to exclude certain persons and entities from such class of persons upon whose behalf plaintiff purports to bring this action. AWL denies that plaintiff or any member of any putative class is entitled to relief by reason of the allegations in the complaint, and denies that the Court can or should certify any class.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. AWL incorporates by reference its responses to the preceding paragraphs of the complaint.

57. Denied, except that AWL admits only that plaintiff purports to quote part of the cited statute.

58. Denied, except that AWL admits only that plaintiff purports to quote part of the cited statute.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

***. In response to the unnumbered section entitled "PRAYER FOR RELIEF," AWL denies that plaintiff is entitled to any of the relief he seeks for himself or for any putative class member by reason of the allegations in plaintiff's complaint.

## AFFIRMATIVE DEFENSES

AWL's affirmative defenses set forth herein are based solely on plaintiff's allegations in his complaint. AWL asserts the affirmative defenses set forth below, each as separate and distinct affirmative defenses to plaintiff's alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against AWL, that denial does not indicate that plaintiff is relieved of his burden to prove each and every element of any such claim or that AWL assumed any burden of proof. AWL hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserves the right to amend this answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, defendant has not completed discovery.

1. Some or all putative class members, including possibly the plaintiff, agreed to arbitrate their claims. The terms cited in plaintiff's complaint contain a binding arbitration provision, and AWL's standard business practice is to bind to arbitration all website users who consent to receive calls from AWL. However, AWL's investigation to date revealed that it did not make the calls or send the texts alleged in the complaint, and that it did not operate the websites alleged in the complaint. Thus, AWL currently lacks information needed to seek to compel plaintiff, and putative class members (because AWL does not know who they are), to arbitration. AWL reserves the right to seek to compel arbitration if facts develop that warrant compelling him and putative class members to arbitration.

2. Plaintiff's complaint violates Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Any cursory pre-filing investigation filing would have revealed that AWL did not operate, own or use the phone numbers or shortcodes from which the calls and texts were made and sent, and thus AWL did not make the calls or send the texts alleged in the complaint. Likewise, any cursory pre-filing investigation filing would have revealed that AWL did not own or operate any of the websites alleged in the complaint. Prior to filing this answer, AWL through its counsel provided detailed information reflecting the foregoing, and early discovery conducted to date – including subpoena responses from third-parties – revealed that AWL had no involvement in the calls or texts that plaintiff alleges he received. Plaintiff nonetheless has refused to dismiss the lawsuit despite multiple requests from AWL and instead continues to prosecute the complaint that lacked any factual basis to file against AWL at the outset.

3. Some or all putative class consented to receive calls from AWL. AWL's standard business practice is to obtain prior express written consent from persons AWL calls who provide their phone numbers to receive calls from AWL.

4. The damages suffered by plaintiff and putative class members, if any, are due to the contributory fault of the plaintiff or putative class members, and to the comparative or contributory fault of others. AWL did not call or text the plaintiff, and it did not cause or instruct others to do so.

5. Some or all claims alleged by plaintiff and on behalf of the putative class members are barred because their alleged damages, if any, were caused solely by their own respective acts, wrongs, or omissions, by intervening causes, or by other persons or entities over whom AWL had no control and for which AWL is not responsible. AWL did not call or text the plaintiff, and it did not cause or instruct others to do so.

6. AWL has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the subsection under which plaintiff sues. AWL did not call or text the plaintiff, and it did not cause or instruct others to do so.

7. Plaintiff's requested relief would be so punitive and disproportionate to the gravity of the violations alleged in the complaint as to amount to a violation of AWL's right to due process.

8. Putative class members are barred from recovering against AWL because the calls and texts allegedly received by them, if any, were sent with AWL's reasonable reliance upon their consent to receive the complained-of calls and/or texts, and therefore the calls and texts received by plaintiff falls within the "safe harbor" established by the Federal Communications Commission.

9. Plaintiff is barred from recovering against defendants because any recovery in favor of plaintiff would result in plaintiff's unjust enrichment.

10. The complaint, and each claim for relief purportedly alleged against AWL, are barred because the statute and causes of action under which the complaint is brought are unconstitutional to the extent they are applied in a manner that violates any constitutional protection, including: (a) the excessive fines clauses of the Eighth Amendment to the United States Constitution; (b) the due process clause of the Fourteenth Amendment to the United States Constitution; (c) the constitutional prohibition against grossly excessive punishment; and (d) the constitutional prohibition against vague, standardless, and overbroad laws.

WHEREFORE, having fully answered plaintiff's complaint, AWL prays that:

A. Judgment be rendered in favor of AWL and against plaintiff with respect to all counts and causes of action in the complaint;

B. The above-entitled action be dismissed in its entirety with prejudice;

C. Plaintiff and the putative class members take nothing by reason of his complaint; and

D. Plaintiff and his counsel be ordered to pay AWL's attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927; and

E. For such other relief in AWL's favor as the Court deems just and proper.

**JURY DEMAND**

AWL demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38.

Dated: February 27, 2026

Respectfully submitted,

*/s/ Peter D. Kennedy*
Peter D. Kennedy
Texas State Bar No. 11296650
pkennedy@gdhm.com
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701-3587
Telephone: (512) 480-5764
Facsimile: (512) 536-9908

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2026, a copy of the forgoing document was served via ECF System to the following:

Nayeem N. Mohammed
Law Office of Nayeem N. Mohammed
539 W. Commerce Street, Suite 1899
Dallas, TX 75208

Avi R. Kaufman
Kaufman, P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133

*/s/ Peter D. Kennedy*
Peter D. Kennedy